**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| GRUNLEY-WALSH, LLC | ) | |
| | ) | |
| | ) | No. 06-721C, 06-723C, 06-815C, |
| Plaintiff, | ) | 06-816C, 06-837C, 07-085C, |
| | ) | 07-189C, 07-190C, 07-197C |
| v. | ) | 07-200C, 07-281C |
| | ) | (consolidated) |
| | ) | No. 07-390C, 07-391C |
| | ) | |
| THE UNITED STATES, | ) | (Judge Lettow) |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S BRIEF IN RESPONSE TO THE COURT'S ORDER OF JUNE 19, 2007**

Pursuant to the Court's Order of June 19, 2007, defendant, the United States, respectfully submits this brief. Defendant believes that Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-390C and Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-391C, should be consolidated with Grunley-Walsh, LLC v. United States, Fed. Cl. Nos. 06-721C, 06-723C, 06-815C, 06-816C, 06-837C, 07-085C, 07-189C, 07-190C, 07-197C, 07-200C, and 07-281C, which were previously consolidated by the Court's Orders of March 14, 2007 and May 31, 2007. Counsel for defendant has consulted with counsel for plaintiff, and the parties agree that these cases should be consolidated with the previously-consolidated cases. See also Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-390C ¶ 1; Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-391C ¶ 1.

## I. Statement of Facts

On May 13, 1998, the Department of the Interior, National Park Service, awarded Grunley-Walsh Contract No. 1443CX305998901. Pursuant to Modification No. 7 to Contract No. 1443CX305998901, which was effective November 15, 2001, the General Provisions of the

contract were deleted and were replaced with revised contract clauses, including provisions of the Federal Acquisition Regulation ("FAR"). In addition, Modification No. 7 revised the scope of Contract No. 1443CX305998901 to allow for design-build services for structures ensuring and maintaining the physical security of the Washington Monument.

On April 11, 2002, the contracting officer for Contract No. 1443CX305998901 issued Task Order T3059989128 ("Task Order 28"), pursuant to which Grunley-Walsh was to provide all labor, equipment, and supplies necessary to develop preliminary design documents for the design of an underground visitor screening facility and a vehicle barrier system for the Washington Monument. On December 5, 2003, the contracting officer issued Task Order T305998135 ("Task Order 35"), pursuant to which Grunley-Walsh was to construct and install an above-ground vehicle security barrier system and perform related work for the Washington Monument.

On October 19, 2006, Grunley-Walsh filed a complaint in Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-721C, seeking an equitable adjustment for work that occurred during Grunley-Walsh's performance of Task Order 35. Grunley-Walsh filed a second complaint in Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-723C, on October 20, 2006, third and fourth complaints in Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-815C, and Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-816C, on December 1, 2006, a fifth complaint in Grunley-Walsh, LLC v. United States, Fed. Cl. No. 06-837C, on December 11, 2006, and a sixth complaint in Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-85C, on February 2, 2007, all seeking equitable adjustments for work that occurred during Grunley-Walsh's performance of

Task Order 35. On March 14, 2007, the Court issued an Order granting defendant's motion to consolidate these cases.

On March 21, 2007, Grunley-Walsh filed its seventh and eighth complaints in Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-189C, and Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-190C, seeking equitable adjustments for work that occurred during Grunley-Walsh's performance of Task Order 35. Grunley-Walsh filed its ninth complaint in Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-197C, on March 23, 2007, and its tenth complaint in Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-200C, on March 26, 2007, seeking equitable adjustments for work that occurred during Grunley-Walsh's performance of Task Order 35. On May 3, 2007, Grunley-Walsh filed its eleventh complaint in Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-281C, seeking compensation for architect/engineering work that Grunley-Walsh alleges that it performed under Task Orders 25, 28, 33, and was not compensated for under the contract.

On May 25, 2007, defendant filed a motion to consolidate Grunley-Walsh, LLC v. United States, Fed. Cl. Nos. 07-189C, 07-190C, No. 07-197C, and No. 07-200C with the cases that had previously been consolidated by the Court's Order of March 14, 2007. On May 31, 2007, the Court granted defendant's motion. The Court's May 31, 2007 Order also consolidated Grunley-Walsh, LLC v. United States, Fed. Cl. No. with the previously-consolidated cases.

On June 18, 2007, Grunley-Walsh filed its complaint in Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-390C. In this case, Grunley-Walsh seeks an equitable adjustment for providing a topsoil sand mix under Task Order 35 that Grunley-Walsh alleges exceeded the contract requirements. Alternately, Grunley-Walsh alleges that there was a mutual mistake

regarding the topsoil sand content, and that the contract should be reformed to reflect the true intention of the parties.

On June 18, 2007, Grunley-Walsh also filed its complaint in Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-391C. In this case, Grunley-Walsh seeks to recover $210,000 that the National Park Service deducted from Task Order 35 for non-conforming work on the project sidewalk panels and irrigation system. Grunley-Walsh claims that this deduction constitutes a breach of contract.

## II. Standard for Consolidation

RCFC 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

RCFC 42(a). The Court has broad discretion to determine whether consolidation is appropriate. Wolfchild v. United States, 72 Fed. Cl. 511, 526 (2006); Cienega Gardens v. United States, 62 Fed. Cl. 28, 32 (2004)(citing Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2nd Cir. 1990). Where common questions of law or fact are involved and consolidation would avoid unnecessary costs, consolidation is encouraged. Cienega Gardens, 62 Fed. Cl. at 32. Identical claims are not required for consolidation. Wolfchild, 72 Fed. Cl. at 527. In determining whether consolidation is appropriate, the court must weigh the risks of prejudice and possible confusion against "the risk of inconsistent adjudication of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the

single-trial, multiple-trial alternatives." Boston Edison Co. v. United States, 67 Fed. Cl. 63, 65-66 (2005) (quoting Cienega Gardens, 62 Fed. Cl. at 31). The Court should take the positions of the parties into account in its analysis but need not accord the parties' views dispositive weight. Entergy Nuclear Indian Point 2, LLC v. United States, 62 Fed. Cl. 798, 802 (2004).

## III. Argument

Plaintiff and defendant agree that this case should be consolidated with the previously-consolidated cases. All of the cases involve the same parties, the same contract, ("Contract 1443CX305998901"), and the vast majority of the cases involve the same task order issued pursuant to the contract ("Task Order 35"). Furthermore, it will be more economical and efficient to conduct discovery, pre-trial proceedings, and trial in this case together with Grunley-Walsh's other cases before the Court. This is particularly true in view of the fact that many of the relevant documents and the vast majority of witnesses are likely to be the same in all of these cases. The fact that the cases that have previously been consolidated are not at a significantly more procedurally advanced stage than these cases also weighs in favor of consolidation. Cf., Entergy Nuclear Indian Point 2, 63 Fed. Cl. at 803 ("The strongest factor weighing against consolidation at this juncture is the divergent procedural posture of the cases.").

Plaintiff's complaint in Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-390C advances a legal claim similar to those in the majority of Grunley-Walsh's other complaints that were consolidated by the Court's Orders of March 14, 2007 and May 31, 2007. Specifically, Grunley-Walsh alleges that it was required to perform work beyond the contract requirements in the course of its performance of Task Order 35, and that it is entitled to an equitable adjustment for the additional work.

In Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-390C, Grunley-Walsh alternately requests that the Court reform the contract to correct what it alleges was a mutual mistake of the parties. Although Grunley-Walsh has not requested contract reformation in its other claims, identical claims for relief are not required for consolidation. Boston Edison Co., 67 Fed. Cl. at 67. The ultimate issue to be determined in this case is similar to the issue in Grunley-Walsh's other cases that have previously been consolidated - whether Grunley-Walsh is entitled to additional compensation for work performed under Task Order 35. Defendant presently intends to rely upon some of the same documents and witnesses to defend against Grunley-Walsh's claim for reformation as it does to defend against Grunley-Walsh's claims that it is entitled to an equitable adjustments for performing work beyond the contract requirements. For these reasons, defendant believes that it would be most economical for the parties and the Court for this case to be consolidated with the previously-consolidated cases.

In Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-391C, plaintiff seeks to recover a unilateral modification that defendant made for non-conforming work under Task Order 35. The nature of Grunley-Walsh's claim in this case differs somewhat from Grunley-Walsh's other claims before the Court in that Grunley-Walsh is seeking to recover a deduction for work that defendant determined did not meet the contract requirements, rather than an equitable adjustment for work that Grunley-Walsh alleges exceeded the contract requirements. However, this case involves the same parties and task order as the previously-consolidated cases, and defendant believes that many of the same documents and witnesses will be relevant in all of Grunley-Walsh's cases. In light of this, defendant believes that it also would be most economical for the parties and the Court for this case to be consolidated. In addition, although plaintiff's claim in

this case differs slightly from plaintiff's other claims, like the other claims, it requires the Court to determine what work Grunley-Walsh was required to perform under the contract. Therefore, defendant does not believe that prejudice to either party or confusion would result if this case were consolidated.

## CONCLUSION

For the reasons discussed above, defendant respectfully requests that the Court consolidate Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-390C and Grunley-Walsh, LLC v. United States, Fed. Cl. No. 07-391C, with the cases that have previously been consolidated pursuant to the Court's Orders of March 14, 2007 and May 31, 2007.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/ Tara Kilfoyle
TARA KILFOYLE
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-1709
Fax: (202) 307-0972

OF COUNSEL:
Alton Woods
Assistant Solicitor
Emily Parkhurst
Attorney Advisor
Department of the Interior
General Law Division
1849 C Street NW
Room 7322
Washington, DC 20240

June 28, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of June 2007, a copy of the foregoing "DEFENDANT'S BRIEF IN RESPONSE TO THE COURT'S ORDER OF JUNE 19, 2007" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Tara Kilfoyle